ALLEN, Judge.
The appellant challenges a final summary judgment for the appellees in the appellant’s action for intentional interference with a business relationship. Because the appellees’ motive with regard to the alleged interference is a material fact which remains in dispute, the court should not have entered a summary judgment.
As indicated in the pleadings and other documents submitted below, the appellant began working as a salesman for Premier Beverage Company after resigning as an employee of the appellee Winn Dixie. Shortly after the appellant’s last day of work for Winn Dixie it was discovered that a large sum of cash was missing from the store in which he had worked, and the appellant was one of several persons whom Winn Dixie suspected of taking this money. Six Winn Dixie stores were included within the appellant’s sales territory for Premier. The appellee Tom Barr, acting as Winn Dixie’s purchasing agent, advised Premier that Winn Dixie was uncomfortable with the appellant servicing these stores. Premier then removed the Winn Dixie Stores from the appellant’s sales territory. The appellant, whose income from Premier was derived exclusively from commissions and who made a significant portion of his sales to these Winn Dixie stores, thereafter terminated his employment with Premier and filed the present action based on the appellees’ interference with this business relationship.
To recover for an intentional interference with a business relationship it must be shown that the interference was unjustified. See Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126 (Fla.1985). In the present case the trial court concluded that the appellees’ actions were privileged and therefore justified because they were motivated, at least in part, by a legitimate concern for store security arising from Winn Dixie’s suspicions that the appellant may have stolen cash from one of its stores. In entering summary judgment the court cited McCurdy v. Collis, 508 So.2d 380 (Fla. 1st DCA 1987), wherein it was indicated-that a third party may be privileged to interfere in the business relationship of another when the third party’s actions are not motivated solely by malice. As recognized in McCurdy, this qualified privilege can arise when the third party and a party to the business relationship have a corresponding interest in the objective advanced by the interference. Maintaining store security may be such an interest in the present case, but the documents submitted below present a factual dispute as to the appellees’ actual motivation in contacting Premier. Because the *591 question of whether the appellees were motivated solely by malice or at least partly by an interest in store security is yet unresolved, summary judgment is precluded by the existence of this material factual dispute.
The final summary judgment is reversed, and the case is remanded.
BENTON and PADOVANO, JJ., CONCUR.